IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFEEK YUSSEF, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-15-2231 |
| | : | |
| CRAIG LOWE, ET AL., | : | (Judge Brann) |
| | : | |
| Respondents | : | |

### **MEMORANDUM**

December 8, 2016

**Background**

Rafeek Yussef, a detainee of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), presently confined at the Pike County Prison, Lords Valley, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Counsel subsequently entered an appearance on behalf of Petitioner. A telephonic status conference status conference was recently conducted by the Court at which time counsel for the parties made factual and legal arguments regarding their respective positions.

For the reasons set forth below, the Court will grant the petition and order

that an immigration judge conduct an individualized bond hearing within thirty (30) days.

Petitioner describes himself as being a 43 year old native and former citizen of Guyana but also a citizen of Suriname,[1] who entered the United States on December 18, 1989 and became a lawful permanent resident in 1999. Yussef was previously deported to Guyana in 2007 following his conviction on charges of forgery and grand larceny in the State of New York. However, he illegally reentered the United States approximately one month later. Petitioner was arrested after committing further crimes in the State of New York. Yussef was paroled back into this country apparently for the purpose of disclosing additional information regarding criminal activities to law enforcement agencies, after providing federal officials with information regarding his illegal reentry.

Petitioner was subsequently convicted of additional crimes in the State of Ohio as well as of federal charges of aggravated identity theft and impersonating a United States citizen. After completing a 28 month federal sentence, he was taken into ICE custody on August 7, 2015. Yussef has remained in ICE custody since that date.

The pending § 2241 petition challenges Petitioner's indefinite detention

---

[1] Yussef indicates that he was born in Guyana but grew up in Suriname.

2

pending removal under the standards announced in Zadvydas v. Davis, 533 U.S. 678 (2001).  Petitioner claims that there is no reasonable prospect that he will be removed from this country in the foreseeable future.  Petitioner adds that although he admittedly renounced his Guyana citizenship, he has not interfered with his removal.  He explains that the renouncement of his Guyana citizenship was taken in good faith and occurred prior to his transfer into ICE custody.  He also asserts that the Respondent has been provided with a copy of his original Suriname passport.

As relief, Petitioner seeks his immediate release or in the alternative a constitutionally adequate hearing where Respondent must demonstrate that his continued detention is justified.  See  Doc. 1, ¶ 22.

The Respondent counters that by renouncing his Guyana citizenship and claiming to be a citizen of Suriname on the basis of a falsified passport, Petitioner has tried to prevent his removal from this country.  Furthermore,  as a result of ongoing negotiations the Respondent is confident that Guyana will agree to accept him.

**Discussion**

Section 106 of the REAL ID Act of 2005 amended section 242(a) of the Immigration and Naturalization Act  to provide that the sole and exclusive means

to review an order of removal shall be by petition for review in the applicable court of appeals. H.R. 1268, 109th Cong. (2005)(enacted), Pub.L.No. 109-13, Div.B, 119 Stat. 231. The amendment became effective on May 11, 2005. Consequently, issues such as whether Petitioner should be removed or to what country he should be removed are not properly entertained by this Court. Rather, the only claim properly presented to this District Court is Petitioner's request to be released on bond pending removal subject to reasonable conditions of release.

The United States Supreme Court has clearly recognized that the indefinite detention of aliens facing removal is not permissible. See Zadvydas, 533 U.S. at 689. To establish uniformity in the federal courts, the Supreme Court recognized six (6) months as being a "presumptively reasonable period of detention." Id. That said, continued detention is permissible if a detainee refuses to cooperate in obtaining necessary travel documents. See U.S. ex rel Kovalev v. Ashcroft, 71 Fed. Appx. 919, 924 (3d Cir. 2003).

Petitioner has been detained by ICE for approximately fifteen (15) months. However, as established during the recent status conference, there is a factual dispute as to whether Petitioner has, in fact, cooperated in the removal process. The parties also presented conflicting facts as to the issue of whether Petitioner's removal may be accomplished within the reasonably foreseeable future.

A determination as to whether an individual's detention is no longer reasonable in length is "a fact-dependent inquiry that will vary depending on individual circumstances." Diop v. ICE/Homeland Sec., 656 F.3d 221, 231 (3d Cir. 2011).  It is also noted that Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 476 (3d Cir. 2015) indicated that when a petitioner acts in bad faith a finding of unreasonable detention may be precluded.  There are clearly facts in dispute regarding the issues of whether Petitioner has cooperated in the removal process and whether or not there is a significant likelihood of his removal from this country in the foreseeable future.[2]  As such, and given the length of his ongoing ICE detention, an evidentiary hearing is required in order to determine Petitioner's eligibility for release on bond pursuant to an order of supervision.

This Court also recognizes as a general principle of federalism that deference is owed to the decision-making agency to oversee matters within its jurisdiction. See, e.g., Gourzong v. Lowe, No. 3:15-CV-1969, 2016 WL 109851, at *2 (M.D. Pa. Jan. 11, 2016)(Mariani, J.).  Moreover, the immigration court has the expertise, familiarity, and authority to exercise jurisdiction over bond hearings.  Accordingly, I will direct that an immigration judge conduct an individualized bond hearing for the Petitioner within thirty (30) days of the date

---

[2]   The removal period does not begin until a petitioner cooperates with ICE officials.  Barenboy v. Attorney General, 160 Fed Appx. 258, 261 (3d Cir. 2005).

of this Memorandum.

**Conclusion**

Pursuant to the above discussion, Petitioner is entitled to a bond hearing before an immigration judge.  Therefore, the Court will grant the petition for writ of habeas corpus, and direct that Petitioner be provided an individualized bond hearing within thirty (30) days of this decision.  An appropriate Order follows.

                                              BY THE COURT

                                              s/  Matthew W. Brann
                                              Matthew W. Brann
                                              United States District Judge